UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAROYCE W., Plaintiff, v. FRANK BISIGNANO, Acting Commissioner of Social Security, Defendant. | Case No.: 25-cv-02206-W-GC **REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MERITS BRIEF** **[ECF No. 10]** |

This Report and Recommendation is submitted to the Honorable Thomas J. Whelan, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.2(d) of the United States District Court for the Southern District of California.

On August 26, 2025, Plaintiff LaRoyce W. ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security (the "Commissioner") denying his application for a period of disability and disability insurance benefits. (ECF No. 1.)

Now pending before the Court and ready for decision is Plaintiff's merits brief. (ECF No. 10.) The Commissioner filed an opposition (ECF No. 12), and Plaintiff filed a

reply (ECF No. 15). For the reasons set forth herein, the Court **RECOMMENDS** that Plaintiff's merits brief be **DENIED**, and that judgment be entered affirming the decision of the Commissioner.

## I. PROCEDURAL BACKGROUND

On or about July 28, 2023, Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act, alleging disability beginning October 1, 2016. (Certified Administrative Record ["AR"], at 199–208.) After his application was denied initially and upon reconsideration (AR 78–82, 84–87), Plaintiff requested an administrative hearing before an administrative law judge ("ALJ") (AR 88–89). An administrative hearing was held on April 15, 2025. (AR 28–58.) Plaintiff appeared at the hearing with counsel, and testimony was taken from him, as well as from a vocational expert ("VE"). (AR 28–58.)

As reflected in his May 1, 2025 hearing decision, the ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act, from October 1, 2016, the alleged onset date, through September 30, 2017, the date last insured. (AR 14–27.) The ALJ's decision became the final decision of the Commissioner on June 27, 2025, when the Appeals Council denied Plaintiff's request for review. (AR 1–6.) This timely civil action followed.

## II. SUMMARY OF THE ALJ'S FINDINGS

In rendering his decision, the ALJ followed the Commissioner's five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520(a). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of October 1, 2016, through his date last insured of September 30, 2017. (AR 19.)

At step two, the ALJ found that Plaintiff had the following medically determinable impairments through the date last insured: migraine headaches; cervical and lumbar degenerative disc disease; osteoarthritis of the bilateral hips; hyperlipidemia; obstructive sleep apnea; post-traumatic stress disorder ("PTSD"); and major depressive disorder ("MDD"). (AR 19.) Although the ALJ found that Plaintiff had these medically

determinable impairments, he found that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that significantly limited Plaintiff's ability to perform basic work-related activities for twelve consecutive months. (AR 20.) Therefore, the ALJ found that Plaintiff did not have a severe impairment or combination of impairments. (*Id.*)

As the ALJ determined that Plaintiff did not meet the requirements at step two, he found that Plaintiff was not under a disability, as defined in the Social Security Act, at any time from October 1, 2016, the alleged onset date, through September 30, 2017, the date last insured. (AR 23.)

## III. PLAINTIFF'S CLAIM OF ERROR

As reflected in Plaintiff's merits brief, the disputed issue that Plaintiff is raising as the ground for reversal and remand is that the ALJ erred by failing to develop the record further and have a qualified psychiatrist or psychologist review the evidence. (ECF No. 10 at 3.)

## IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

///

## V. DISCUSSION

### A. ALJ's Duty to Develop the Record

Plaintiff argues that remand is required because the ALJ failed to develop the record by not having a qualified psychiatrist or psychologist review the evidence. (ECF No. 10 at 3.) Plaintiff claims that in cases involving mental impairments, the Commissioner *must* have a qualified psychiatrist or psychologist review the record evidence and offer an opinion on severity and listing level equivalence. (*Id.*) Additionally, Plaintiff asserts that the ALJ concluded that the medical evidence at the hearing level was insufficient, but rather than seek the opinion of an appropriate medical professional, the ALJ improperly relied on his lay reading of the medical evidence. (*Id.* at 8.)

The Commissioner asserts issue-preclusion regarding the ALJ's duty to further develop the record because Plaintiff's counsel affirmatively represented during the hearing that the record was complete. (ECF No. 12 at 2.) The Commissioner further argues that the Social Security Administration ("SSA") made "every reasonable effort" under the applicable regulation to ensure that a qualified psychiatrist or psychologist assessed the record. (*Id.* at 2–3.) Additionally, the Commissioner claims that the ALJ here did not rely on his lay interpretation of medical evidence but rather simply summarized the medical evidence. (*Id.* at 3.) Finally, the Commissioner argues that there was substantial evidence that supported the ALJ's conclusion that Plaintiff did not have a severe mental impairment prior to September 30, 2017. (*Id.* at 3–4.)

1. <u>Relevant Facts</u>

The record includes the opinions of two state agency psychological consultants, K. Gregg, M.D., and S. Khan, M.D., who opined that there was insufficient evidence to establish the presence of a mental impairment prior to Plaintiff's date last insured. (AR 60–64, 66–-71.) At step two, the ALJ found Dr. Gregg and Dr. Khan's "opinions somewhat persuasive." (AR 22.) The ALJ found that the evidence at the hearing level was "more consistent with a finding that [Plaintiff's] mental . . . impairments were non-severe

///

through the date last insured, based upon [Plaintiff's] limited treatment and mostly normal findings upon examinations. (AR 22–23.)

At the administrative hearing, Plaintiff testified that he stopped working due to worsening pain issues with his back and knees, and that he also had issues with his right shoulder and wrist, along with mental health issues related to PTSD and MDD. (*See* AR 28–58.) Plaintiff did not testify as to the particular time period he experienced these issues. (*Id.*) Plaintiff testified that his mental health could affect his ability to take care of himself "because [he's] a physical guy" and he was focused on the mental repercussions of "how to deal with [his] [physical] pain." (AR 51.)

Plaintiff's medical record contains no files between October 1, 2016, and September 30, 2017, showing that Plaintiff complained of or sought treatment for PTSD or MDD. (*See* AR 307–907.) In December 2017, approximately two and a half months after the date last insured, a care provider noted that Plaintiff had not been treated for PTSD and MDD since 2015, which was prior to the alleged onset date. (AR 420.) That same month, Plaintiff reported a good response from his prescribed Prazosin, which was alleviating his mental health issues. (AR 881.) Also in December 2017, Plaintiff reported that his "mood was depressed **secondary** to poor sleep (which he believe[d] will improve once sleep clinic meets with him re: CPAP mask) and he declined appt. in Menta [*sic*] Health." (AR 421 (emphasis added).) Moreover, in a Function Report completed by Plaintiff in January 2024, which was years after the date last insured, the claimant reported that he lived alone, cared for his own personal hygiene, shopped for food, performed household chores including laundry, drove a car, retained the ability to manage his own money, read, watched movies, socialized with others on the phone, he was able to complete tasks and follow instructions, and he got along with others. (AR 240–44.)

In the absence of any treatment or documentation of symptoms relating to Plaintiff's mental health conditions between October 1, 2016, and September 30, 2017, and based upon Plaintiff's more recent activities of daily living, the ALJ found that Plaintiff's mental health impairments caused no limitation in understanding, remembering, or applying

information, interacting with others, concentration, persistence or pace or adapting or managing oneself during this period. (AR 22–23.) As a result, the ALJ found Plaintiff's impairments were non-severe during the relevant time period. (AR 23.)

2. Applicable Law

"[W]hen claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal."[1] *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). Courts "will only excuse a failure to comply with this rule when necessary to avoid a manifest injustice." *Id.* For example, "[w]here claimants are not expected to develop certain issues in ALJ proceedings, it is generally inappropriate to treat those issues as forfeited."[2] *Carr*, 593 at 89 n.3. Therefore, "the 'critical feature' in the issue-exhaustion analysis is 'whether claimants bear the responsibility to develop issues for adjudicators' consideration.'" *Obrien v. Bisignano*, 142 F.4th 687, 701 (9th Cir. 2025) (quoting *Carr*, 593 U.S. at 89). Thus, a district court would not err in finding waiver where the alleged error was apparent at the time of the hearing before the ALJ. *Carr*, 593 U.S. at 89 n.3 (reasoning that when claimants are expected to develop issues during the ALJ proceeding, the "general rule" of issue-exhaustion would apply) (quoting *United States v. L. A. Tucker Truck Lines, Inc*., 344 U.S. 33, 36–37 (1952)); *Simpson v. Berryhill*, 717 F. App'x 670, 673 (9th Cir. 2017).

///

---

[1] The *Meanel* issue-exhaustion rule controls "to the extent [it holds] that claimants generally may not present new evidence [in federal court], and new issues dependent on that evidence, that they failed to present to the ALJ." *Obrien*, 142 F.4th at 701; *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017) (finding *Sims v. Apfel*, 530 U.S. 103 (2000) is not "clearly irreconcilable" with *Meanel*, and "*Meanel* therefore remains binding on this court with respect to proceedings before an ALJ.").

[2] The Supreme Court found that claimants are not expected to develop certain constitutional challenges in ALJ proceedings, but "in the sphere of routine objections to individual benefits determinations, the scales might tip differently" regarding required issue-exhaustion. *Carr v. Saul*, 593 U.S. 83, 92, 92 n.5 (2021).

At the same time, the ALJ has a special duty to fully and fairly develop the record and to ensure that the claimant's interests are considered even when the claimant is represented by counsel. *Garcia v. Comm'r of Soc. Sec.*, 768 F.3d 925, 930 (9th Cir. 2014); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). "In cases of mental impairments, this duty is especially important." *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991); *Tonapetyan*, 242 F.3d at 1150. However, it remains the claimant's duty to prove that he is disabled. *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001); *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999); 20 C.F.R. § 404.1512(a) ("In general, you have to prove to us that you are blind or disabled."). The claimant must "furnish medical and other evidence that [the ALJ] can use to reach conclusions about [the claimant's] medical impairments(s)." *Mayes*, 276 F.3d at 459 (quoting 20 C.F.R. § 404.1512(a)). An ALJ's duty to further develop the record is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Mayes*, 276 F.3d at 459–60.

3. <u>Analysis</u>

Based on a review of the record, Plaintiff did not properly preserve for appeal his challenge to the record as incomplete. *Meanel*, 172 F.3d at 1115. Plaintiff was represented by counsel at the administrative hearing and his counsel expressly affirmed that the record was complete.[3] (AR 31–32.) Thus, any challenge on that basis is

---

[3] "ALJ: Counsel, have you reviewed the record?

ATTY: I have, Your Honor.

**ALJ: Is the record complete?**

**ATTY: Yes.**

ALJ: All right. Let me look at the file. I have 1A through 4A. I have 1B through 16B, 1D through 10D, 1E through 12E, 1F through 5F. Last records into the F Section on or about March 24th, 2025. Counsel, is that your understanding of the record?

waived. *See Gonzalez v. Kijakazi*, No. 1:21-CV-01676-SKO, 2023 WL 6164086, at *5 (E.D. Cal. Sept. 21, 2023) ("because counsel stated that the record was complete, the issue is not properly preserved for appeal"); *Rivera v. O'Malley*, No. 1:23-CV-00900-JLT-BAM, 2024 WL 3498507, at *3 (E.D. Cal. July 22, 2024), *report and recommendation adopted sub nom. Rivera v. Dudek*, No. 1:23-CV-0900 JLT BAM, 2025 WL 783203 (E.D. Cal. Mar. 12, 2025) ("[b]ecause counsel confirmed that the record was complete, any challenge on that basis is waived"); *Karl v. Kijakazi*, No. 1:21-cv-01576-SKO, 2023 WL 3794334, at *5 (E.D. Cal. June 1, 2023) ("issue is not properly preserved for appeal" because counsel "expressly stated that the record was complete when asked by the ALJ").

The "'critical feature' in the issue-exhaustion analysis is 'whether claimants bear the responsibility to develop issues for adjudicators' consideration.'" *Obrien*, 142 F.4th at 701 (citations omitted). Here, Plaintiff bore the responsibility to prove his disability through medical record and other evidence. *Mayes*, 276 F.3d at 459; *Tidwell*, 161 F.3d at 601. Additionally, waiver may exist where the alleged error was apparent at the time of the hearing before the ALJ. *See Carr*, 593 U.S. at 89 n.3; *Simpson*, 717 F. App'x at 673. Plaintiff alleges that the ALJ failed to develop the record by not having a qualified doctor review the evidence. (ECF No. 10 at 3.) However, this alleged failure would have been apparent at the time of the hearing. Dr. Gregg and Dr. Khan opined there was insufficient evidence in March 2024, over a year before the administrative hearing in April 2025. (AR 62–64, 68–71.) Therefore, the general rules of issue-exhaustion apply, and the Court finds that Plaintiff has not properly preserved for appeal his challenge to the record as

///

---

ATTY: That's correct, Your Honor.

ALJ: All right. Any objections?

ATTY: No objections to any evidence in the file."

(AR 31–32 (emphasis added).)

incomplete. *Carr*, 593 U.S. at 89 n.3; *see L. A. Tucker Truck Lines, Inc.*, 344 U.S. at 36–37; *Meanel*, 172 F.3d at 1115.

Even if Plaintiff had not waived the issue, Plaintiff has not demonstrated any error warranting reversal and remand. The ALJ's duty to further develop the record arises only when the evidence is ambiguous or the record is inadequate to permit proper evaluation. *Mayes*, 276 F.3d at 459–60. Plaintiff has not shown that the record was either ambiguous or inadequate. The ALJ considered Plaintiff's hearing testimony, summarized the state agency psychological consultants' findings, and evaluated the complete medical record. (AR 17–23.) The record contained Plaintiff's complete treatment records, as counsel conceded at the hearing (*see* AR 31–32), and no gaps or inconsistencies were noted. *See, e.g., Findley v. Saul*, No. 1:18-CV-00341-BAM, 2019 WL 4072364, at *6 (E.D. Cal. Aug. 29, 2019) ("The record contained what appears to be Plaintiff's complete treatment records, which supported the ALJ's findings and did not present an ambiguity or inadequacy. Indeed, the Court notes that at the hearing, the ALJ asked Plaintiff's attorney if the record was complete, and he responded, 'It is indeed.' . . . The Court therefore finds that the ALJ was not obligated to further develop the record."). Because the existing evidence was sufficient to evaluate Plaintiff's claim, the ALJ was not required to further develop the record or obtain a consultative examination. *See Green v. Saul*, No. 1:19-CV-00058-BAM, 2020 WL 1227895, at *7-9 (E.D. Cal. Mar. 13, 2020), *adopted by*2020 WL 3496998 (E.D. Cal. June 29, 2020); *Brown v. Berryhill*, 697 F. App'x 548 (9th Cir. 2017); *Diaz v. Comm'r of Soc. Sec.*, No. 1:24-CV-00704-EPG, 2025 WL 2299515 (E.D. Cal. Aug. 8, 2025) (collecting cases).

Plaintiff argues that in cases involving mental impairments, the Commissioner *must* have a qualified psychiatrist or psychologist review the record evidence and offer an opinion on severity and listing level equivalence. (ECF No. 10 at 3.) "Neither the Social Security regulations, nor the applicable case law, require an ALJ to have the benefit of a medical expert or consultative examination every time a mental impairment is at issue." *Kenya B. v. Kijakazi*, No. 21-CV-01371-JLB, 2023 WL 12264523, at *9 (S.D. Cal. Mar.

20, 2023); 20 C.F.R. §§ 404.1520a–1522. Additionally, Plaintiff argues that the ALJ improperly relied on his lay reading of the medical evidence. (ECF No. 10 at 5.) The ALJ did not rely on his "'lay interpretation' of medical evidence. Rather, the ALJ simply summarized the medical evidence . . .; []he did not interpret any . . . test results directly. ALJs need not seek the opinion of a medical expert every time they review new medical evidence." *Bufkin v. Saul*, 836 F. App'x 578, 579 (9th Cir. 2021) (citing *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001).)

## VI. CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court **RECOMMENDS** that Plaintiff's merits brief be **DENIED**, and that judgment be entered affirming the decision of the Commissioner.

Any party having objections to the Court's proposed findings and recommendations shall file specific written objections within **14 days** after being served with a copy of this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2). The objections should be captioned "Objections to Report and Recommendation." A party may respond to the other party's objections within **14 days** after being served with a copy of the objections. *See id.*

**IT IS SO ORDERED.**

Dated: August 13, 2026

Hon. Guillermo Cabrera
United States Magistrate Judge